UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEVARIEN ZYMELL DUNLAP,

Plaintiff,

v.

SAMARITAN HOUSE,

Defendant.

Case No.  25-cv-09086-LJC

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Re: Dkt. Nos. 1, 2

## I.     INTRODUCTION AND IFP APPLICATION

Plaintiff Jevarien Dunlap, pro se, applies to proceed in forma pauperis (IFP).  *See* ECF No. 2.  Sufficient cause having been shown, that application is GRANTED.

The Court now reviews the sufficiency of Dunlap's Complaint against Defendant M & O Mart Deli to determine whether it should be dismissed under 28 U.S.C. § 1915(e)(2)(B).  For the reasons discussed below, Dunlap is ORDERED TO SHOW CAUSE why the Complaint should not be dismissed.  Dunlap must file no later than four weeks from the date of this Order either: (1) an amended complaint that cures the defects identified in this Order; or (2) a response to this Order explaining why the current Complaint is sufficient to proceed.  If Dunlap does not file either an amended complaint or a response by that deadline, or fails to cure the defects identified in this Order, the case will be reassigned to a district judge with a recommendation that it be dismissed.

The case management conference previously scheduled for February 12, 2026 is CONTINUED to May 14, 2026 at 1:30 PM, to occur via Zoom webinar videoconference.  Access instructions are available at https://cand.uscourts.gov/ljc/.  Dunlap must file a case management statement no later than May 7, 2026.  If Defendant has been served and appeared by that date, Defendant must also file a case management statement by the same deadline, or the parties may

file a joint case management statement.

## II.    THE COMPLAINT

Dunlap brings this action against Defendant Samaritan House, a shelter that Dunlap alleges is located in San Francisco, California.  Compl. (ECF No. 1) at 1–2, § I.  The Court takes judicial notice that the North Access Road address Dunlap provides for Samaritan House is in fact in South San Francisco, a different city, but that distinction is of no consequence to this Order.

The Complaint alleges that Dunlap was "bitten by a bug" while sleeping at Samaritan House, resulting in a swollen hand, and that the staff there negligently leave the door open for extended periods of time.  Compl. at 3, 5, §§ V, VI.  Dunlap asserts claims for negligence and premises liability, Compl. at 5, § VI, and subject matter jurisdiction based on diversity of citizenship, Compl. at 2, § II.

## III.    LEGAL STANDARD

When an application to proceed in forma pauperis has been granted, the Court must then evaluate the sufficiency of his Complaint under 28 U.S.C. § 1915(e)(2)(B), which provides in relevant part that after granting permission to proceed in forma pauperis, a court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  When a complaint fails to state a claim on which relief may be granted, a court may also dismiss the case sua sponte (meaning on the court's own initiative) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, regardless of whether a plaintiff is proceeding in forma pauperis.  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

When the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).  But "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice," and a court need not credit "legal conclusions" or "mere conclusory statements."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  In order to state a claim on which relief may be granted, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

United States District Court
Northern District of California

(2007).  A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In other words, the Complaint needs to include *facts*, not just the type of legal claim the plaintiff asserts.  In assessing whether a complaint is "frivolous" under § 1915, the Court may also consider whether "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Furthermore, federal courts are courts of limited subject matter jurisdiction, and a plaintiff must provide a sufficient explanation of why this case falls within that jurisdiction.  Two of the most common grounds for federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, which applies to claims "arising under the Constitution, laws, or treaties of the United States," and diversity jurisdiction under 28 U.S.C. § 1332(a), which applies to cases where no defendant is a citizen of the same state as any plaintiff and where the amount in controversy exceeds $75,000.  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Courts ordinarily must give pro se plaintiffs leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984).

IV.   **ANALYSIS**

As noted above, Dunlap asserts that this federal district court has subject matter jurisdiction based on diversity of citizenship.  Compl. at 2, § II.  Diversity jurisdiction under 28 U.S.C. § 1332(a) applies to cases between "citizens of different states"[1] where "the matter in controversy exceeds the sum or value of $75,000."  28 U.S.C. § 1332(a).  That statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

---

[1] Section 1332 also provides jurisdiction over certain cases involving foreign citizens or foreign governments.  *See* 28 U.S.C. § 1332(a)(2)–(4).

3

For the purpose of diversity jurisdiction, an individual person who is a citizen of the United States is considered a citizen of the state where they are "domiciled," which means the state where that person "resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Dunlap's complaint does not address domicile specifically, but it indicates that Dunlap resides in Oakland, California. Compl. at 1. There is no indication that Dunlap is a citizen of any state other than California.

There are various rules for determining the state or states where different types of legal entities are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (discussing corporations, limited liability companies, limited partnerships, and trusts). Dunlap has not addressed how Samaritan House is organized as a legal entity, so the Court cannot say with any confidence where Samaritan House is a citizen for the purpose of diversity jurisdiction. But the Complaint alleges that Samaritan House is located in California, and there is no indication that it has ties to any other state.

"The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Dunlap has not met that burden to show that Dunlap and Samaritan House are citizens of different states, as is necessary for diversity jurisdiction under § 1332(a). It is also not clear that Dunlap has plausibly alleged that the amount in controversy exceeds $75,000, when Dunlap's "monetary Demand of 122,630" (presumably dollars) for a bug bite is unsupported by factual allegations regarding Dunlap's damages or the amount that Dunlap could recover. *See* Compl. at 7. Nor is any other basis for jurisdiction apparent. Dunlap has not established federal question jurisdiction under 28 U.S.C. § 1331, for example, because Dunlap does not identify any claim as arising under federal law. Accordingly, Dunlap is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction.

## V.    CONCLUSION

For the reasons discussed above, Dunlap is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Dunlap must file no later than four weeks from the date of this Order either: (1) an amended complaint that cures the defects

United States District Court
Northern District of California

4

identified in this Order; or (2) a response to this Order explaining why the current Complaint is sufficient to proceed.

If Dunlap files an amended complaint, it must list the same case number as this Order (25-cv-09086) and must include all of the claims Dunlap wishes to assert and all of the defendants Dunlap wishes to sue.  An amended complaint completely replaces an original complaint and cannot rely on the contents of the original complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Dunlap does not respond to this Order as required above, this case may be dismissed for failure to prosecute and failure to comply with a court order, in addition to the other grounds for dismissal identified in this Order.

If Dunlap continues to proceed without an attorney, the Court encourages Dunlap to review the section "Representing Yourself" on the Court's website, located at https://www.cand.uscourts.gov/pro-se-litigants/.  Dunlap is also encouraged to contact the Court's Legal Help Centers.  Attorneys at the Legal Help Centers can provide basic assistance and advice to parties representing themselves but cannot provide legal representation.  Dunlap may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: January 27, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

5